Kathleen L. Wieneke, Bar #011139
Laura Van Buren, Bar #031669
Suzanne Reed, Bar # 025707
WIENEKE LAW GROUP, PLC
1225 West Washington Street, Suite 313
Tempe, Arizona 85288
Telephone: (602) 715-1868
Fax: (602) 455-1109
Email: kwieneke@wienekelawgroup.com
Email: lvanburen@wienekelawgroup.com
Email: sreed@wienekelawgroup.com

*Attorneys for Defendants Apache County and
Apache County Attorney's Office*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Fernando Madrid,<br><br>Plaintiff,<br><br>v.<br><br>Michael Whiting, individually and in his official capacity as Apache County Attorney; Daryl Greer; Trent Jensen; Apache County, Arizona; Apache County Attorney's Office,<br><br>Defendants. | NO. 3:26-cv-08036<br><br>**DEFENDANTS APACHE COUNTY AND APACHE COUNTY ATTORNEY'S OFFICE'S MOTION TO DISMISS** |

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Apache County and Apache County Attorney's Office (ACAO) move to dismiss with prejudice all claims asserted against them by Plaintiff Fernando "Fernie" Madrid. To state a claim for liability under 42 U.S.C. § 1983, Plaintiff was required to allege specific facts showing that a County policy, custom, or decision by an authorized policymaker caused a constitutional violation. He did not. Instead, he recasts alleged private, politically motivated misconduct by individual actors as County policy or custom, without facts supporting any *Monell* theory.

Section 1983 does not permit liability based on labels or speculation. Plaintiff's own allegations affirmatively foreclose County liability by describing conduct that was

unauthorized, unlawful, and driven by personal political motives—not by any official County policy, practice, or custom. Where, as here, a complaint relies on legal conclusions and pleads facts that negate liability, dismissal under Rule 12(b)(6) is required. Because these defects are legal and incurable, dismissal with prejudice is warranted.

**I.    PLAINTIFF'S OWN ALLEGATIONS SHOW A PRIVATE, POLITICALLY MOTIVATED FEUD—NOT A COUNTY POLICY, PRACTICE, OR CUSTOM.**

Plaintiff's Complaint centers on allegations of a month-long intimidation and retaliation campaign orchestrated by former Apache County Attorney Michael Whiting with assistance from Daryl Greer and Trent Jensen.[1] Plaintiff claims the campaign was intended to force him—a political challenger to Whiting's wife—to withdraw from the 2024 election. The alleged tactics included surveillance, harassment, physical confrontation, and anonymous threats, which ultimately led to Plaintiff's withdrawal from the election and to subsequent criminal proceedings against Whiting and Greer.

**A.    Personal Misconduct Driven by Whiting's Private Political Motives.**

In 2024, Whiting served as the Apache County Attorney, Greer was an ACAO lead investigator, and Jensen was an ACAO legal assistant. (Doc. 1, Compl. ¶¶ 20-21, 23-27). Despite Greer's and Jensen's job titles, "no one could identify the duties or responsibilities Greer or Jensen fulfilled for the County Attorney's Office for which they were employed" other than that both men "took orders" directly from Whiting. (*Id.* ¶¶ 28-29).

Plaintiff, an education professional, decided to run to be Apache County's School Superintendent. (*Id.* ¶¶ 34-40). Plaintiff alleges that his candidacy "triggered" Whiting's "intimidation campaign" because Plaintiff was running against Whiting's wife, Joy Whiting. (¶¶ 43-44, 46-48). According to the Complaint, Whiting "concocted a scheme intending to intimidate, harass, and retaliate against [Plaintiff] so that [Plaintiff] would end his campaign," with many of the alleged acts carried out by Greer and Jensen at Whiting's direction. (*Id.* ¶¶ 60-61).

---

[1] Defendants accept the well-pled facts in Plaintiff's Complaint as true for purposes of this Motion only.

The alleged intimidation campaign began in early March 2024. Around March 7, 2024, Whiting submitted a public records request seeking information about Plaintiff. (*Id*. ¶¶ 62-65). Shortly thereafter, Greer allegedly "surveilled" Plaintiff's Laveen property by taking photographs. (*Id*. ¶¶ 66-68). Following that incident, Greer and Jensen followed Plaintiff and took additional photographs of him. (*Id*. ¶ 72). Plaintiff further claims that, later in March, either Greer or Jensen entered his Laveen property and attempted to give documents to Plaintiff's son. (*Id*. ¶¶ 74-77).

On March 17, 2024, while Plaintiff was gathering signatures in front of a church, Greer and Jensen approached him. (*Id*. ¶¶ 80-81, 85). Plaintiff alleges that one man knocked a clipboard from his hands, pushed him in the chest, and stated, "Michael Whiting is just getting started with you," which Plaintiff interpreted as an effort to intimidate him into leaving the race. (*Id*. ¶¶ 86-88, 90). Plaintiff reported the incident to the Arizona Attorney General's Office. (*Id*. ¶ 92). That evening, rocks were thrown at Plaintiff's residence in St. Johns. (*Id*. ¶ 93).

On March 22, 2024, Plaintiff received two suspicious packages at his homes in St. Johns and Laveen, which he turned over unopened to the Attorney General's Office. (*Id*. ¶¶ 98-99).

On March 28, 2024, Plaintiff withdrew from the race. (*Id*. ¶ 100). In his withdrawal letter, Plaintiff cited "coercive tactics by Apache County Attorney Michael Whiting concerning his commitment to assure that his wife Joy Whiting remains in office," including "a recent assault which [Plaintiff] experienced []and reported[.]" (*Id*. ¶ 101).

The Attorney General's Office's opened an "investigation into the harassment and intimidation of" Plaintiff and into the Whitings' "potential crimes involving the misuse of their offices." (*Id*. ¶¶ 115-116). Plaintiff alleges that the investigation revealed the packages contained an anonymous letter urging him to withdraw, photographs, residency records, and a withdrawal form, and that Whiting drafted the letter while Greer mailed it using Whiting's credit card. (*Id*. ¶¶ 109). Plaintiff claims that "the string of intimidating actions Whiting, Greer, and Jensen took against Plaintiff throughout March 2024 were motivated

3

by a desire to suppress Plaintiff's political activity because it challenged Joy Whiting's reelection as superintendent." (*Id*. ¶ 114).

The Attorney General's Office's investigation ultimately resulted in criminal charges against Whiting, his wife, and Greer, including a harassment count naming Plaintiff as the victim, as well as additional misuse-of-office charges. (*Id*. ¶¶ 127-132). Greer later pled guilty to sending the anonymous letter to Plaintiff. (*Id*. ¶¶ 133-132).

### B. Although the Conduct was Outside any Legitimate County Function, Plaintiff Alleges § 1983 Claims Against Apache County and ACAO.

On February 24, 2026, Plaintiff filed suit against Whiting, Greer, Jensen, Apache County, and the Apache County Attorney's Office, asserting that the March 2024 conduct violated his constitutional rights. (*Id*. ¶¶ 143-160). As to the County and ACAO, Plaintiff brings two § 1983 claims—for alleged violations of free speech and equal protection—asserting that Whiting acted on behalf of the County, that the alleged misconduct constituted an official County policy, practice, or custom, and that the County ratified Whiting's actions. (*Id.* ¶¶ 186-210, 189, 193-194, 209).

## II. LEGAL STANDARD

To survive a motion to dismiss, a complaint must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Mere labels, legal conclusions, or formulaic recitations of the elements are insufficient. *Id*. Plaintiff's Complaint ignores these limits.

## III. THE APACHE COUNTY ATTORNEY'S OFFICE MUST BE DISMISSED BECAUSE IT IS A NON-JURAL ENTITY

As an initial and dispositive matter, all claims against ACAO must be dismissed because it is not a jural entity capable of being sued. Plaintiff expressly admits that ACAO is merely a "department of Apache County." (Compl. ¶ 12). Under Arizona law, county departments and subordinate offices lack the legal capacity to sue or be sued unless the Legislature has expressly conferred independent jural status.

"[A] governmental entity may be sued only if the legislature has so provided" because it has "no inherent power and possess[es] only those powers and duties delegated to them by their enabling statutes." *Braillard v. Maricopa Cnty.*, 232 P.3d 1263, 1269, ¶ 12 (Ariz. App. 2010); *see also McKee v. State*, 388 P.3d 14, 21, ¶ 28 (Ariz. App. 2016). Although the legislature has established a County's capacity to sue or be sued, it has not given specific statutory authorization for a County Attorney's Office to be sued. *See* A.R.S. § 11-201(A)(1). Thus, ACAO is a non-jural entity and as such, it cannot be sued in its own name. *Kelly v. Pima County Justice Court*, 2010 U.S. Dist. LEXIS 63786, *6, 2010 WL 2605804 (D. Ariz. Apr. 23, 2010) ("[A] county attorney's office is not a government entity which can be sued under § 1983"). Accordingly, because ACAO lacks the capacity to be sued, it is an improper party and dismissal is warranted.[2]

## IV.   PLAINTIFF FAILS TO STATE A CLAIM AGAINST APACHE COUNTY UNDER 42 U.S.C. § 1983.

Section 1983 deliberately limits when a government entity may be held liable, and those limits cannot be overcome by conclusory assertions or formulaic recitations of the elements of a claim. A County is not responsible for the misconduct of individuals merely because they are government employees. Rather, a plaintiff must allege specific facts showing that the County itself—through an official policy, practice, or custom—was the moving force behind the alleged constitutional violation. Absent such factual allegations, a § 1983 claim against Apache County cannot proceed.

### A.    Section 1983 Does Not Permit Vicarious Liability Against the County.

Plaintiff's Complaint is premised on an incorrect notion that Apache County may be held liable under § 1983 simply because the alleged wrongdoers held county titles or received county paychecks. (Compl. ¶¶ 188(d)-(e), 189(a)-(e), 192-201, 209-210). Section

---

[2] Because ACAO is a non-jural entity and must be dismissed as a matter of law, the remainder of this Motion addresses Plaintiff's claims as asserted against Apache County. All arguments set forth herein also apply with equal force to ACAO and independently require dismissal of the claims asserted against it.

1983 forecloses that theory as a matter of settled law. Liability does not arise from employment status; it arises only from the County's own decisions, policies, or customs.

It is black-letter law that counties may not be held liable under § 1983 on a respondeat superior theory. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978) ("a municipality cannot be held liable solely because it employs a tortfeasor."). For nearly five decades, courts have enforced that rule to prevent precisely what Plaintiff attempts here—transforming individual misconduct into government liability through respondeat superior. The Ninth Circuit has repeatedly reaffirmed that a governmental entity "cannot be found liable under section 1983 on a respondeat superior theory; such liability can be imposed only for injuries inflicted pursuant to an official governmental policy." *Tanner v. Heise*, 879 F.2d 572, 582 (9th Cir. 1989). Plaintiff's efforts to hold the County vicariously liable for Whiting's conduct must be rejected outright.

### B.    Plaintiff Fails to Allege Any County Policy or Custom

A county may be liable under § 1983 only where a county policy or custom was the moving force behind the alleged injury. *Monell*, 436 U.S. at 691–92; *Lockett v. County of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020). An "official policy" typically refers to formal rules or understandings—often but not always committed to writing—that are intended to, and do, establish fixed plans of action to be followed under similar circumstances consistently and over time. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-481 (1986).

Although Plaintiff uses the words "policy" and "policy maker" a combined twenty-two times in his Complaint, Plaintiff identifies no formal policy adopted by Apache County, no longstanding or pervasive custom, and no action by a final policymaker exercising legitimate policymaking authority. He cites to Whiting targeting him in March 2024 to drop out of a race against Whiting's wife. A single, isolated series of alleged acts directed at one individual over one month is insufficient to establish a custom as a matter of law. *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996); *see also Meehan v. County of Los Angeles*, 856 F.2d 102, 107 (9th Cir. 1988) (holding that two incidents were insufficient to establish a

practice, policy, or custom for *Monell* purposes); *Ames v. City of Tempe*, No. CV-20-02102-PHX-DWL, 2021 U.S. Dist. LEXIS 228867, at *9 (D. Ariz. Nov. 29, 2021) (stating in *dicta* that two prior incidents over a ten year period "would seem unlikely to serve as plausible evidence" in support of *Monell* claim); *Kamal v. Cnty. of L.A.*, 2018 U.S. Dist. LEXIS 153157, at *56 (C.D. Cal. Sep. 6, 2018) (a single incident involving a single individual is insufficient to state a *Monell* claim).

Additionally, "the well-settled law is that [a plaintiff's] experience alone is insufficient to state a *Monell* claim." *McMillan v. Cnty. of Shasta*, 2021 U.S. Dist. LEXIS 19984, at *19 (E.D. Cal. Feb. 1, 2021). In *McMillan*, the court dismissed the *Monell* claim when plaintiff provided factual allegations about his experiences, only, and asked the court to infer the existence of a policy or practice from that experience. *Id*. Likewise, Plaintiff's claim here fails because it is based on his personal, isolated experiences—specifically, what occurred to him in March 2024. This is not enough to establish *Monell* liability against the County.

### C.    Whiting Was Not Acting as a Final Policymaker

Plaintiff's fallback *Monell* argument—brand Whiting a "final policymaker" whose deeds automatically became County policy—is equally unsupported. (Compl. ¶¶ 69, 72, 77, 89, 95, 109, 190–93, 209). Authority to make policy may be granted directly by a legislative enactment or may be delegated by an official who possesses such authority, and "whether an official possess such authority depends upon state law." *Pembaur*, 475 U.S. at 483.

The Complaint pleads no facts showing Whiting exercising legitimate policymaking authority when allegedly surveilling, threatening, or assaulting Plaintiff in March 2024. Those actions certainly were not delegated to Whiting pursuant to A.R.S. § 11-532 (defining the duties of County Attorneys). Such conduct bears no relation to any lawful County Attorney function, duties, or powers, and cannot be reframed as legitimate County-wide policy choices. *See Collins v. City of San Diego*, 841 F.2d 337, 341 (9th Cir. 1988) (although "municipal liability may be imposed for a single decision or action by a municipal policymaker," "municipal liability attaches only when the decisionmaker

7

possesses 'final authority' to establish municipal policy with respect to the action ordered."). "Policymaking" requires a "deliberate choice" among "various alternatives," not a private vendetta. *See Pembaur*, 475 U.S. at 483. Because Whiting lacked final policymaking authority with respect to the challenged conduct, and because that conduct cannot plausibly be characterized as a County policy decision, Plaintiff's policymaker theory fails as a matter of law.

### D.    Plaintiff's Ratification Theory Does Not Establish a *Monell* Claim

Plaintiff also attempts to impose liability by alleging that Apache County and the Board of Supervisors "ratified" Whiting's alleged misconduct by approving his appointment, paying salaries, and providing equipment, and authorizing payment of defense costs in bar discipline proceedings. (Compl. ¶¶ 188, 194–195, 209). This theory fails as a matter of law.

Ratification is a method of establishing liability under *Monell. Puente v. City of Phoenix*, No. CV-18-02778-PHX-JJT, 2022 WL 357351, at *16 (D. Ariz. Feb. 7, 2022). To plead ratification, a plaintiff must allege facts showing that an official with final policymaking authority made a deliberate choice to approve both a subordinate's unconstitutional action and the basis for it. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988); *Christie v. Iopa*, 176 F.3d 1231, 1239 (9th Cir. 1999); *Gillette v. Delmore*, 979 F.2d 1342, 1348 (9th Cir. 1992) (a plaintiff may claim *Monell* liability where an "official with final policy-making authority ratified a subordinate's unconstitutional decision or action and the basis for it.").

That standard is not met here. Plaintiff pleads no facts the County knew about the Defendants Greer, Jensen or Whiting's actions, knew that these actions violated Plaintiff's constitutional rights, and that the County made a deliberate choice to approve of those actions. Instead, Plaintiff relies on generic routine and legally irrelevant acts as the basis of his ratification claim: employment decisions, payment of salaries, provision of equipment, and authorization of defense costs. (Compl. ¶¶ 188, 194-195, 209). Those acts cannot establish ratification as a matter of law. *See Praprotnik*, 485 U.S. at 130 (mere acquiescence

or failure to discipline does not constitute ratification); *Gillette*, 979 F.2d at 1348 (refusing to find ratification, because "there is no evidence that the City manager made a deliberate choice to endorse the Fire Chief's decision and the basis for it"). If such administrative acts were sufficient, *Monell*'s limits would collapse.

## V.      CONCLUSION

Plaintiff's Complaint rests on speculation and legal conclusions, not well-pleaded facts. He alleges no County policy, no custom, no act by a final policymaker, no ratification, and no official governmental conduct that plausibly violated his constitutional rights. To the contrary, Plaintiff's own allegations describe private, unauthorized misconduct driven by personal political motives—conduct that cannot, as a matter of law, be attributed to Apache County or the Apache County Attorney's Office under § 1983. These defects are fundamental and incurable. Accordingly, Defendants Apache County and the Apache County Attorney's Office respectfully request that the Court dismiss all claims against them with prejudice.

DATED this 6th day of April, 2026.

WIENEKE LAW GROUP, PLC

By:     */s/ Suzanne Reed*
Kathleen L. Wieneke
Laura Van Buren
Suzanne Reed
1225 West Washington Street, Suite 313
Tempe, Arizona 85288
*Attorneys for Defendants Apache County and*
*Apache County Attorney's Office*

9

## CERTIFICATE OF SERVICE

I hereby certify that on April 6, 2026, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Paul V. Avelar
AZ Bar No. 023078
INSTITUTE FOR JUSTICE
3200 N. Central Ave., Ste. 2160
Phoenix, AZ 85012-1114

Michael Greenberg, *Pro Hac Vice*
Benjamin A. Field, *Pro Hac Vice*
McCarley Maddock, *Pro Hac Vice*
INSTITUTE FOR JUSTICE
901 N. Glebe Road, Ste. 900
Arlington, VA 22203-1854

*Attorneys for Plaintiff*

I hereby certify that on this same date, I served the attached document by U.S. Mail, postage prepaid, on the following, who is not a registered participant of the CM/ECF System:

N/A

By:   */s/ Lauren Rasmussen*