**Michael Greenberg***
**McCarley Maddock***
**Benjamin A. Field***
INSTITUTE FOR JUSTICE
901 N. Glebe Road, Ste. 900
Arlington, VA 22203-1854
Tel: (703) 682-9320
Email: mgreenberg@ij.org;
mmaddock@ij.org; bfield@ij.org

**Paul V. Avelar**
INSTITUTE FOR JUSTICE
3200 N. Central Ave., Ste. 2160
Phoenix, AZ 85012-1114
Tel: (480) 557-8300
Email: pavelar@ij.org

*Attorneys for Plaintiff Madrid*
*Admitted via *Pro Hac Vice*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fernando Madrid, <br><br> *Plaintiff*, <br><br> v. <br><br> Michael Whiting, individually and in his official capacity as Apache County Attorney; Daryl Greer; Trent Jensen; Apache County, Arizona; Apache County Attorney's Office, <br><br> *Defendants*. | Case No. 3:26-cv-08036-SMB <br><br><br> **PLAINTIFF'S NOTICE OF LODGING PREVIOUSLY CITED AUTHORITY** |

i

Plaintiff Fernando Madrid, by and through undersigned counsel, submits this notice in an abundance of caution to provide a copy of authority previously cited in Plaintiff's Opposition to Apache County and Apache County Attorney's Office Motion to Dismiss (ECF 24).

1.    At page 7 of his opposition to the motion to dismiss filed by Defendants Apache County and Apache County Attorney's Office (ECF 24), Plaintiff cited *Altamirano v. County of Pima*, No. 15-cv-169, 2017 WL 11589192, at *3 (D. Ariz. Feb. 6, 2017).

2.    In reply, the moving Defendants suggested that the *Altamirano* decision Plaintiff cited does not exist or is otherwise erroneous. *See* ECF 26 at 4 & n.1 ("Altamirano has brought multiple lawsuits against Pima but none of the cases have that February 2017 publishing date.").

3.    The *Altamirano* decision Plaintiff cited is available on Westlaw with the citation Plaintiff provided. It is also available on PACER. *See* 2017 WL 11589192; *see also* ECF 25 in Case No. 15-cv-169 (D. Ariz.).

4.    Counsel for Plaintiff has since learned that the *Altamirano* decision he cited is not published on Lexis. A Westlaw printout of that decision is attached to this notice for the convenience of the Court in the event that the Court prefers Lexis to Westlaw.

DATED this 28th day of April 2026.

/s/ Michael Greenberg
**Michael Greenberg***
**McCarley Maddock***
**Benjamin A. Field***
INSTITUTE FOR JUSTICE
901 N. Glebe Road, Ste. 900

2

Arlington, VA 22203-1854
Tel: (703) 682-9320
Email: mgreenberg@ij.org;
mmaddock@ij.org; bfield@ij.org

**Paul V. Avelar**
INSTITUTE FOR JUSTICE
3200 N. Central Avenue, Ste. 2160
Phoenix, AZ 85012
Tel: (703) 557-8300
Email: pavelar@ij.org

*Attorneys for Plaintiff Madrid*
*Admitted *Pro Hac Vice*

3

**CERTIFICATE OF SERVICE**

I hereby certify that on April 28, 2026, *Plaintiff's Notice of Lodging Previously Cited Authority* was served on the following Defendants via U.S. mail or UPS:

Michael Whiting                          Trent Jensen
P.O. Box 1788                            1110 S 7th W Unit W
St. Johns, AZ 85936                      St. Johns, AZ 85936

Daryl Greer
P.O. Box 151
St. Johns, AZ 85936
PRO SE


                                         /s/ Michael Greenberg
                                         Michael Greenberg
                                         INSTITUTE FOR JUSTICE

4

Altamirano v. County of Pima, Not Reported in Fed. Supp. (2017)

Case 3:26-cv-08036-SMB    Document 27    Filed 04/28/26    Page 5 of 9

2017 WL 11589192
Only the Westlaw citation is currently available.
United States District Court, D. Arizona.

Benjamin Anthony ALTAMIRANO, Jr., Plaintiff,

v.

COUNTY OF PIMA, et al., Defendants.

No. CV-15-00169-TUC-RM
|
Signed 02/06/2017

**Attorneys and Law Firms**

Ronald Raul Reyna, Reyna Law Firm PC, Tucson, AZ, for Plaintiff.

Bernardo McGee Velasco, David Alexander Winkelman, Gary Jay Cohen, Richard Davis, Mesch Clark & Rothschild PC, Tucson, AZ, for Defendants.

**ORDER GRANTING IN PART AND DENYING IN PART COUNTY OF PIMA'S MOTION TO DISMISS**

Rosemary Márquez, United States District Judge

**\*1** Pending before the Court is Defendant Pima County's ("County") Motion to Dismiss Plaintiff's Corrected Amended Complaint. (Doc. 18.) [1] Plaintiff Responded in Opposition (Doc. 19), and County filed a Reply (Doc. 20).

1      Also pending before the Court is Plaintiff's Motion for Request for Status And/Or Request for Hearing. (Doc. 24.) The Court finds that a hearing would not assist in the decisional process and therefore denies Plaintiff's motion. (Doc. 24.)

**I. Background**

This action arises out of Plaintiff's arrest and year-long confinement on suspicion that he had participated in a home invasion. Plaintiff alleges that he was arrested and prosecuted without probable cause. (Doc. 11, ¶¶ 32, 56–57.) He further alleges that he was a victim of County's and City of Tucson's unconstitutional policies relating to arrests, interrogations, and the decision to seek indictments. (*Id.*, ¶¶ 5–7, 67.)

Plaintiff filed an action against County and the City of Tucson, which was removed to this Court on April 22, 2015. (Doc. 1.) Both Defendants moved to dismiss the Complaint shortly thereafter. (Docs. 3, 4.) On March 2, 2016, the Court granted in part and denied in part Defendants' motions. (Doc. 9.) Significantly, the Court found that Plaintiff had not adequately pled a municipal liability theory. (*Id.* at 8–9.)

Plaintiff filed his Amended Corrected Complaint on March 31, 2016 (Doc. 11.) Plaintiff supplemented his Complaint by adding a large number of new factual allegations and appending several deposition transcripts. (Doc. 11.) County now moves to dismiss Plaintiff's Amended Complaint. (Doc. 18.)

**II. Standard of Review**

A complaint must include a "short and plain statement ... showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not require in-depth factual allegations, it does require more than "labels[,] conclusions, [or] a formulaic

recitation of a cause of action's elements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). There must be sufficient "factual content [to] allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

When reviewing a motion to dismiss pursuant to Rule 12(b)(6), a court takes "all factual allegations set forth in the complaint ... as true and construed in the light most favorable to plaintiffs." *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). However, only well-pleaded facts are given a presumption of truth. *Iqbal*, 556 U.S. at 679. Conclusory allegations—that is, allegations that "simply recite the elements of a cause of action" without supplying underlying facts to support those elements—are not "entitled to the presumption of truth." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Even when a complaint falls short of meeting the necessary pleading standards, a district court should dismiss with leave to amend. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 926-27 (9th Cir. 2012) ("We have adopted a generous standard for granting leave to amend from a dismissal for failure to state a claim...."). Failing to do so when a plaintiff could include additional facts to cure a complaint's deficiencies is an abuse of discretion. *Hernandez*, 666 F.3d at 636, 637-38.

## III. Discussion

### A. Municipal Liability

**\*2**  County attacks Counts One, Two and Three on the ground that Plaintiff has again failed to properly allege municipal liability under § 1983. (Doc. 18 at 2.)

Municipalities are subject to § 1983 liability, but not on the basis of *respondeat superior. Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978). Section 1983 liability may be imposed on a municipality only where the enforcement of municipal policy or custom was "the moving force of the constitutional violation." *Id.* at 694–95.

"A single constitutional deprivation ordinarily is insufficient to establish a longstanding practice or custom." *Christie v. Iopa*, 176 F.3d 1231, 1235 (9th Cir. 1999). However, a single constitutional violation may constitute a "policy" under *Monell* in the following circumstances: (1) "the person causing the violation has 'final policymaking authority;' " (2) "the final policymaker 'ratified' a subordinate's actions;" or (3) the final policymaker was "deliberately indifferent," i.e., he or she "disregarded a *known or obvious* consequence of his [or her] actions." *Id.* at 1235–41 (emphasis in original).

The parties dispute whether the county attorney is (or even can be) a final policymaking authority for Pima County. County argues that it could not, as a matter of law, have delegated such authority to the county attorney because the legislature did not expressly grant County the ability to do so. (Doc. 18 at 6.) Plaintiff argues that County is asking the Court to improperly "imagine a scenario where individual prosecutors must first receive explicit authority from a Prima County's [sic] Board of Supervisors before it proceeds with a criminal prosecution." (Doc. 19 at 3.)

The parties cite various cases addressing the issue of whether a prosecutor is a final policymaker. *See Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986); *Webb v. Sloan*, 330 F.3d 1158 (9th Cir. 2003); *Christie v. Iopa*, 176 F.3d 1231 (9th Cir. 1999). None of the cited cases involve Arizona law, which governs the issue in this case. *See Jett v. Dall. Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989) ("whether a particular official has final policymaking authority is a question of state law" (internal quotation marks and emphasis omitted)).

Ninth Circuit precedent supports finding that an Arizona county prosecutor can act as a final policymaker in certain circumstances. *Gobel v. Maricopa Cnty.*, 867 F.2d 1201 (9th Cir. 1989), *abrogated on other grounds by Merritt v. Cnty. of L.A.*, 875 F.2d 765 (9th Cir. 1989). *Gobel* involved a suit against county prosecutors and the county for damages arising out of an allegedly unconstitutional arrest. *Id.* at 1202. In reversing an order granting defendants' motion to dismiss, the Ninth Circuit stated that plaintiffs "may be able to prove that in Arizona the county attorney is the kind of county official whose policy decisions automatically constitute county policy." *Id.* at 1208–09.

Case 3:26-cv-08036-SMB    Document 27    Filed 04/28/26    Page 7 of 9

Altamirano v. County of Pima, Not Reported in Fed. Supp. (2017)

More recent Ninth Circuit precedent has called *Gobel* into doubt. *Weiner v. San Diego Cnty.*, 210 F.3d 1025, 1031 (9th Cir. 2000). However, the Arizona Supreme Court also had occasion to briefly pass over *Gobel*. *City of Phx. v. Yarnell*, 909 P.2d 377, 387 (Ariz. 1995) (en banc). In *Yarnell*, the Arizona Supreme Court's municipal liability discussion assumed, without analysis, the correctness of *Gobel*. *Id.* ("As correctly noted by the court of appeals, a county attorney can be a policymaker for § 1983 purposes.") Defendant did not address any of the foregoing authority and thus has not shown, as a matter of law, that a county attorney is not a municipal policymaker.

**\*3**  Here, Plaintiff alleges that the county attorney's office "had final decision making authority over" Plaintiff's prosecution, and that the final decision whether to prosecute was "neither reviewed nor reviewable." (Doc. 11, ¶¶ 65–66.) According to Plaintiff, the county attorney used this authority to initiate a prosecution against Plaintiff, knowing all the while that there was no probable cause for believing Plaintiff had committed a crime. (*Id.*, ¶¶ 52–56.)

Plaintiff provides factual allegations concerning why there was a lack of probable cause (*id.*, ¶¶ 22–24) and the county attorney's alleged concealment or disregard of those facts (*id.*, ¶¶ 59–63). For instance, Plaintiff alleges that the police knew he did not fit the suspect's description, the GPS tracking information that led police to the vicinity of Plaintiff's home had a one-mile margin of error, and neither the stolen phone nor other physical or forensic evidence were found in Plaintiff's home. (*Id.*, ¶¶ 22, 23–26, 30–31.) Plaintiff further alleges that the county attorney received a "detailed review" of the case and had full knowledge of the lack of evidence. (*Id.*, ¶¶ 52, 55.) The county attorney allegedly withheld this information or misrepresented it to the Grand Jury. (*Id.*, ¶¶ 57–63.)

Construing the Complaint's allegations liberally, as the Court must, Plaintiff has sufficiently alleged a final policymaker theory. [2] Accordingly, the Court declines to summarily dismiss Counts One, Two and Three.

[2]  Therefore, the Court does not address County's assertion that Plaintiff failed to adequately plead a "deliberate indifference" theory.

### B. Malicious Prosecution

"To claim malicious prosecution, a petitioner must allege 'that the defendants prosecuted her with malice and without probable cause, and that they did so for the purpose of denying her equal protection or another specific constitutional right.' " *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 919 (9th Cir. 2012) (quoting *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995)). There is no substantive due process right to be free from prosecution without probable cause. *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1069 (9th Cir. 2004). Stated differently, a plaintiff may not rely on the "generalized notion" of substantive due process as the basis for a malicious prosecution claim. *Id.* (quoting *Albright v. Oliver*, 510 U.S. 266, 273 (1994)).

Therefore, Plaintiff must specify which constitutional right forms the basis for his § 1983 malicious prosecution claim. *Id.*; *see, e.g., Thacker v. City of Columbus*, 328 F.3d 244, 258–59 (6th Cir. 2003) (recognizing a malicious prosecution claim for Fourth Amendment violations) and *Wolford v. Lasater*, 78 F.3d 484, 488 (10th Cir. 1996) (explaining the essential elements of a malicious prosecution claim based on First Amendment violations).

Plaintiff does not allege the violation of a specific constitutional right. Nor does he allege that County sought to deprive him of his constitutional rights in general. This omission renders Plaintiff's claim legally defective. *Freeman*, 68 F.3d at 1189. Therefore, Plaintiff's malicious prosecution claim is **dismissed with leave to amend**.

### C. Conspiracy

The Court previously dismissed Plaintiff's conspiracy claim because, among other things, Plaintiff failed to allege "that the County and City had any agreement or joint purpose to deprive Plaintiff of his constitutional rights," and Plaintiff failed to include an "allegation tying any such agreement or joint purpose to any theory of municipal liability." (Doc. 9 at 10.)

Altamirano v. County of Pima, Not Reported in Fed. Supp. (2017)

Case 3:26-cv-08036-SMB    Document 27    Filed 04/28/26    Page 8 of 9

**\*4** Plaintiff has now alleged that "Pima County conspired and was complicit with the City of Tucson in obtaining an indictment against [Plaintiff] without having probable cause, and with outright misrepresentations to the Grand Jury." (Doc. 11, ¶ 58.) However, the issues identified by the Court still remain. Plaintiff has not provided any factual allegations regarding a joint purpose or agreement to deprive Plaintiff of his constitutional rights, much less allegations tying that agreement to a municipal liability theory.

Consequently, Plaintiff's conspiracy claim fails and is **dismissed with leave to amend**. [3]

3      Because conspiracy requires an agreement or joint purpose, this claim necessarily fails against Defendant City of Tucson as well.

### D. Intentional and Negligent Infliction of Emotional Distress

A successful § 1983 plaintiff may recover for "mental anguish and suffering" as an item of compensatory damages. *Stilwell v. City of Williams*, 831 F.3d 1234, 1247 (9th Cir. 2016) (citing *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 307 (1986)). However, intentional and negligent infliction of emotional distress are not cognizable claims under § 1983. *See Voyticky v. Village of Timberlake*, 412 F.3d 669, 678 (6th Cir. 2005) (construing plaintiff's intentional infliction claim as a state law claim); *Grandstaff v. City of Borger*, 767 F.2d 161, 172 (5th Cir. 1985) (concluding that § 1983 did not permit plaintiffs to recover from city on negligent infliction claim); *Mitchell v. City of Jackson*, 481 F. Supp. 2d 586, 587 n.1 (S.D. Miss. 2006) (finding that plaintiff's negligent infliction claim failed to state a claim for relief under federal law); *Brainerd v. Potratz*, 421 F. Supp. 836, 840 (N.D. Ill. 1976) (explaining that negligent and intentional infliction claims do "not state a 1983 violation").

Although Plaintiff labeled both claims "42 U.S.C.A. § 1983," the Court construes them as state tort law claims. [4]

4      Plaintiff also appears to acknowledge in his Response that one or more of his claims are brought under state law, although he does not specify these claims. (Doc. 19 at 7.)

County argues that, accordingly, both claims must be dismissed or amended because it cannot be vicariously liable for state law torts committed by a county officer during the performance of a statutory duty. (Doc. 3 at 6, citing *Fridena v. Maricopa Cnty.*, 504 P.2d 58 (Ariz. Ct. App. 1972) (county not vicariously liable for torts committed by Sheriff while engaged in performance of statutory duty).) That is, "[w]hen duties are imposed upon a county [officer] ... by law rather than by the county, the latter will not be responsible for [the officer's] ... nonfeasance or misfeasance in relation to such duty." *Fridena*, 504 P.2d at 61 (citation and quotation marks omitted).

As County points out, county attorneys owe a statutory duty to conduct prosecutions for public offenses. (Doc. 6 at 6, citing Ariz. Rev. Stat. § 11-532.) Initiating a criminal prosecution, convening a grand jury, and continuing to pursue the prosecution clearly fall within the limits of this duty. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (holding that individual prosecutors have immunity in "initiating a prosecution and in presenting the State's case"). Thus, under Arizona law, County cannot be held vicariously liable for any torts committed by the county attorney while engaged in the foregoing activities. *See also Dimmig v. Pima County*, No. 2 CA–CV 2009-0060, 2009 WL 3465744, at \*1 (D. Ariz. 2009) (finding that, because Sheriff owed statutory duty to "preserve the peace" and make arrests, county could not be vicariously liable for Sheriff's conduct in furtherance of that duty).

**\*5** Accordingly, Count Four and Count Five are **dismissed with prejudice** to the extent they relate to Defendant Pima County. The Court emphasizes that Plaintiff is not precluded from seeking damages stemming from his alleged emotional distress. These damages, if proven, are recoverable as an item of compensatory damages for Plaintiff's civil rights claim. *Stilwell*, 831 F.3d at 1247. [5]

5    Additionally, County cited no authority extending the *Fridena* principle to cities, and the Court found none. Thus, these causes of action remain against Defendant City of Tucson.

Accordingly,

**IT IS ORDERED** that Pima County's Motion to Dismiss (Doc. 18) is **granted in part and denied in part** as follows:

(1) Count Two and Count Three of Plaintiff's Amended Complaint (Corrected) (Doc. 11) are **dismissed with leave to amend**. Plaintiff has thirty days from the date of this Order to file his Second Amended Complaint.

(2) Count Four and Count Five of Plaintiff's Amended Complaint (Corrected) (Doc. 11) are **dismissed with prejudice** as they relate to Defendant Pima County.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Request for Status And/Or Request for Hearing (Doc. 24) is **denied**.

**All Citations**

Not Reported in Fed. Supp., 2017 WL 11589192

---

**End of Document**

© 2026 Thomson Reuters. No claim to original U.S. Government Works.