Timothy A La Sota, SBN # 020539
**TIMOTHY A. LA SOTA, PLC**
2198 East Camelback Road, Suite 305
Phoenix, Arizona 85016
Telephone: (602) 515-2649
tim@timlasota.com
*Attorney for Defendant, Michael Whiting*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Fernando Madrid,<br><br>                    Plaintiff,<br><br>          v.<br><br>Michael Whiting, individually and in his official capacity as Apache County Attorney; Daryl Greer; Trent Jensen; Apache County, Arizona; Apache County Attorney's Office.<br><br>                    Defendants. | Case No. 3:26-cv-08036-SMB<br><br>**MOTION TO DISMISS**<br><br>(Assigned to the Honorable Susan M. Brnovich) |

Defendant Michael Whiting ("Mr. Whiting") moves to dismiss all claims in Plaintiff Fernando Madrid's (Plaintiff) Complaint under Fed. R. Civ. P. 12(b)(6). As Plaintiff has no constitutional right to run for office, he has no § 1983 claims. In addition, absolute immunity, or at minimum, qualified immunity applies to Mr. Whiting as a prosecutor, and under the facts alleged, bars this suit. Lastly, Counts II and III are official capacity claims that are barred by the Eleventh Amendment.

1

## I.  PLAINTIFF'S COMPLAINT FAILS AS THERE IS NO CONSTITUTIONAL RIGHT TO RUN FOR PUBLIC OFFICE

### A.  Plaintiff cannot vindicate a constitutional right that does not exist

All three counts of the Complaint should be dismissed because they seek to vindicate a constitutional "right" that does not exist in this country.  That is, there is no constitutional right to run for office.  The Plaintiff in this case claims that Mr. Whiting infringed on his "constitutionally protected expressive activity" as Plaintiff was running for public office. (Compl. ¶ 1).  Perhaps realizing this flaw, the Plaintiff attempts to retrofit that claim into something else to try to fall into a constitutionally protected activity that he might be able to sue under.  It does not work because it does not change the gravamen of what he is claiming, which is interference with his run for office.

The Ninth Circuit has noted that "there is neither any 'fundamental right to run for public office,' *NAACP v. Jones*, 131 F.3d 1317, 1324 (9th Cir.1997), nor any right 'to use the ballot itself to send a particularized message,' *Timmons v. Twin Cities New Party*, 520 U.S. 351, 363 (1997).  *Lindsay v. Bowen*, 750 F.3d 1061 (2014); *see also Escamilla v. Cuello*, 230 Ariz. 202, 207 (2012). Finally, the Supreme Court has likewise held that the First Amendment "does not give political parties a right to have their nominees designated as such on the ballot" and that a candidate being placed on a ballot is not a constitutional right as "ballots serve primarily to elect candidates, not as forums for political expression." *Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 453 n.7 (2008).

Eligibility to run for or hold office is distinct from "constitutionally protected activity such as free speech or the right to equal protection of the law. *Id.* Accordingly, the Complaint should be dismissed in its entirety as Mr. Whiting cannot infringe on a constitutional right Plaintiff does not possess[1].

**B. Because there is no actual constitutional right at issue, there is no Article III standing either**

The Supreme Court established that the irrefutable constitutional minimum of Article III Standing contains three elements: (1) Injury in fact; (2) Causation (traceability); and, (3) Redressability. *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992). Importantly, the Plaintiff in this matter bears the burden of establishing *all* three elements.[2] *Id*. Because he has suffered no injury involving a constitutionally protected activity he has no redressable injury in fact. *Id.*

The Plaintiff must have suffered an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical.. Accordingly, there was no "injury in fact" and Plaintiff's Complaint fails.

---

[1] The Plaintiff was actually ineligible to run for an Apache County office as he was not at the relevant time an Apache County resident, and my not be to this day. But that will be a topic for later.

[2] In *Spokeo, Inc. v. Robins*, 578 U.S. 330 (2016), the Supreme Court clarified that the injury-in-fact requirement demands a concrete injury — not merely a bare procedural violation of a statute — and that a plaintiff cannot automatically satisfy the injury-in-fact requirement simply because a statute grants a right to sue.

II.    **AS THE PLAINTIFF CLAIMS MR. WHITING WAS ACTING IN HIS OFFICIAL CAPACITY, STATE IMMUNITY APPLIES UNDER THE 11TH AMENDMENT AND COUNTS II AND III OF THE COMPLAINT ARE BARRED.**

In the Complaint heading, and many times throughout the Complaint, Plaintiff alleges that Mr. Whiting was acting in, and being sued in, his official capacity. (Compl. ¶¶ 12, 119, 130, 159, 177, 193, 195-201).  As discussed herein, this suit is thus treated as a suit against the public entity and the Eleventh Amendment to the United States Constitution bars it.

The single most important variable in determining whether the 11th Amendment shields Mr. Whiting, is the capacity in which he is sued. The Supreme Court drew this essential distinction in *Kentucky v. Graham*, explaining that "official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent" and that "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." 473 U.S. 159, 166 (1985). Because the Plaintiff is suing Mr. Whiting in his official capacity, this suit is treated as a suit against the state itself and the 11th Amendment bars official capacity claims for monetary damages against such state officials.  *See, e.g., Gibson v. City of Portland*, 165 F.4th 1265 (2026).

Whether the office is "more like a county or city than it is like an arm of the State turns on the nature of the entity created by state law." *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280, (1977). In a similar case as the one here, the Ninth Circuit held that a California county district attorney's office "acts as a state office with

4

regard to actions taken in its prosecutorial capacity and is not subject to suit under § 1983." *Jackson v. Barnes*, 749 F.3d 755, 767 (2014). Recently the Ninth Circuit held members of a county attorney's office in Oregon were state officers entitled to 11th Amendment immunity in § 1983 official capacity suit.  *Gibson*, 165 F.4th at 1265. *Gibson* "adopted a three-part inquiry into (1) how state law characterizes or treats the entity, (2) how members are appointed and removed and whether the state can supervise their operations, and (3) the overall effect on the state treasury." *Gibson* at 1277.

Applying the three *Gibson* factors, the first inquiry is "(1) how state law characterizes or treats the entity." Under Arizona statutory and constitutional law, the county attorney is simultaneously a county officer, but an agent of the state (as in *Gibson*). Arizona Const. art. XII, § 4 designates the county attorney as a county officer for all prosecutions under state law and shall attend state courts. A.R.S. § 11-532 designates the county attorney as "the public prosecutor of the county" with the duty to "**conduct, on behalf of the state**, all prosecutions for public offenses."  (Emphasis added). This state-level supervisory authority is analogous to that in *Gibson*.

Next "(2) how members are appointed and removed and whether the state can supervise their operations ...." A.R.S. § 11-532 directs the county attorney to "attend the superior and other courts within the county and on behalf of the state, conduct all prosecutions for public offenses." Critically, A.R.S. § 41-192 and 193 gives the AG supervisory powers over county attorneys, makes the AG the "chief legal officer of the

state" and gives the power to "require reports relating to the public business thereof" from county attorneys.

Finally, the third prong evaluates "(3) the overall effect on the state treasury." The Arizona Constitution, Art. 12 § 4 gives the county board of supervisors power to fix salaries for county offices, employees and others who are employed with county powers, but gives the board no authority to set salaries for county attorneys as the legislature has provided the county attorney salaries by general law, entirely removing such power from the county and placing it in the hands of the legislature – a state body. A.R.S. § 11-419. Further, there are three sources of state funds that provide for county attorney expenses. Criminal Justice Enhancement Funds, the State Aid to County Attorneys Fund, and the Drug and Gang Enforcement Fund — that provide state funding sources to county attorney offices. A.R.S. § 41-2401, A.R.S. § 11-539 and A.R.S. § 41-2402 respectively. S*ee also Morgan v. Cochise County Board of Supervisors*, 487 F.Supp.3d 789, 796 (2020). As the above *Gibson* analysis makes clear, the Eleventh Amendment bars official capacity suits in federal court against Mr. Whiting.

## III.    AT A MINIMUM QUALIFIED IMMUNITY APPLIES TO PLAINTIFF'S INDIVIDUAL CAPACITY CLAIMS

The Supreme Court has consistently stated that a prosecutor is afforded either absolute or qualified immunity for § 1983 claims pursued in the prosecutor's individual capacity. *See, e.g.*, *Burns v. Reed*, 500 U.S. 478, 486 (1991); *see also Butler v. Elle*, 281

6

F.3d 1014, 1022 (9th Cir. 2002)(dismissing suit against a prosecutor sued in his individual capacity based on absolute and qualified immunity).

The county attorney's role is grounded in Arizona Constitution Article XII, §§ 3 and 4 and ARS § 11-532, which declares: "The county attorney is the public prosecutor of the county and shall institute proceedings before magistrates for the arrest of persons charged with **or reasonably suspected of public offenses when the county attorney has information that the offenses have been committed."** *Id.* (Emphasis added). The Arizona Supreme Court recognized the investigative duty as early as 1935 holding "it becomes his duty to look into the facts thoroughly and, in those instances in which he feels that a crime warranting prosecution has been committed, prepare a complaint and lay it before a magistrate." *Ackerman v. Houston*, 45 Ariz. 293, 295 (1935).

As the U.S. Supreme Court has repeatedly affirmed, a state "indisputably has a compelling interest in preserving the integrity of its election process." *Eu v. San Francisco County Democratic Cent. Committee*, 489 U.S. 214, 231 (1989). Mr. Whiting had a duty to investigate voter fraud and take steps to ensure the orderly administration of elections.

## A. Absolute Immunity applies To Mr. Whiting

Absolute immunity applies when "initiating a prosecution [beginning an investigation]" or "presenting the State's case," *Imbler Patchman*, 424 U.S. 409 at 431, and during "professional evaluation of the evidence assembled ... and appropriate

preparation for its presentation at trial ... [or] after a decision to seek an indictment has been made," *Buckley*, 509 U.S. at 273. As *Imbler* at 431 n. 33 states "[p]reparation, both for the initiation of the criminal process ... may require the obtaining ... of evidence." The Ninth Circuit in *Cousins v. Lockyer*, 568 F.3d 1063, 1068 (2009) confirmed that absolute prosecutorial immunity applies when a prosecutor is performing "the nature of the function performed (such as coordinating an investigation), a state prosecuting attorney acting within the scope of his duties in initiating and pursuing a criminal prosecution is absolutely immune from a civil suit for damages under 42 U.S.C. § 1983 for alleged deprivations of constitutional rights." [3] Accordingly, the Complaint must be dismissed.

**B.  At A Minimum Qualified Immunity Attaches To Mr. Whiting.**

If absolute immunity does not attach, then qualified immunity does. *Mullenix v. Luna*, 577 U.S. 7, 11–12 (2015)("The doctrine of qualified immunity shields officials from civil liability so long as their conduct does not violate clearly established statutory

---

[3] *In Puente Arizona v. Arpaio*, the district court found that the Maricopa County Attorney acts for the state when conducting criminal prosecutions, citing the clear statutory directive in A.R.S. § 11-532 and the analysis in *Milke v. City of Phoenix* and *Goldstein v. City of Long Beach*. 2016 WL 6873294, at *24 (D.Ariz. 2016). This characterization was reinforced when the court held that while county attorneys are formally designated as county officers under *Ariz. Rev. Stat. Ann.* § 11-401 and AZ CONST Art. 12 § 3, a "functional inquiry" of actual duties reveals that a county attorney "is, however, explicitly identified as acting on behalf of the state when prosecuting crimes." *Briggs v. Montgomery*, Not Reported in Fed. Supp. (2019)

or constitutional rights of which a reasonable person would have known.")(internal citations omitted).

The Supreme Court has set forth a two-part analysis for resolving government officials' qualified immunity defenses. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001). First, the Court must consider whether the facts "[t]aken in the light most favorable to the party asserting the injury ... show [that] the [defendant's] conduct violated a constitutional right[.]" *Saucier*, 533 U.S. at 201; *see also Scott v. Harris*, 550 U.S. 372, 377 (2007).

If there is no constitutional violation, then the inquiry ends and qualified immunity applies. *Ioane v. Hodges*, 903 F.3d 929, 933 (9th Cir. 2018). In this case qualified immunity applies as Plaintiff did not hold any constitutional right to run for office.  As there is no right there can be no clearly established right, so that inquiry can be dispensed with.  *Id*.; *see also Reichle v. Howards,* 566 U.S. 658, 664 (2012)("To be clearly established, a right must be sufficiently clear "that every 'reasonable official would [have understood] that what he is doing violates that right.")(brackets in original, citations omitted).

### C. Mr. Whiting's Motivation And Intentions Are Irrelevant Under An Immunity Determination

A prosecutors' motivation is irrelevant to the immunity inquiry. As the Ninth Circuit held unequivocally: "[i]n civil cases such as this one, we will not consider a prosecutor's motivation when making prosecutorial decisions; the prosecutor's

motivation is irrelevant to the immunity inquiry, even if we thought the motivation was unconstitutional." *Gibson v. City of Portland*, 165 F.4th 1265 (2026).[4] Accordingly, the facts uphold absolute immunity or at a minimum qualified immunity.

## IV.    PLAINTIFF'S ATTEMPT TO TURN WHAT IS AN ISOLATED EVENT EVEN UNDER HIS OWN FACTS INTO "AN OFFICIAL POLICY, PRACTICE OR CUSTOM OF <u>APACHE COUNTY</u>" FAILS, AND HE FAILS TO TIE MR. WHITING TO THE ALLEGED WRONGDOING ANYWAY

In an apparent effort to try to avoid the immunity defenses, Plaintiff claims that "[a]s elaborated in Count II and elsewhere in this complaint, the retaliatory animus directed at Fernie throughout March 2024 represented an official policy, practice, or custom of Apache County."  (Complaint, ¶ 209).  The first thing of note is that if this was an official policy, practice or custom of Apache County, it was a very short lived one and only related to one person, Plaintiff.  The Complaint itself reveals that.

According to Paragraph 7 of the Complaint, the "first" action that Plaintiff claims started the acts of "*intimidation*" was the March 7, 2024 <u>public records request</u> from Michael Whiting.  Putting aside that a person has a right to submit a public records

---

[4] *Ashelman v. Pope*, 793 F.2d 1072 (9th Cir. 1986) (en banc): intent plays no role in immunity analysis; conspiracy/bad faith/malevolence cannot pierce immunity. *McCarthy v. Mayo*, 827 F.2d 1310 (9th Cir. 1987): intent of prosecutor plays no role in immunity inquiry. *Milstein v. Cooley*, 257 F.3d 1004 (9th Cir. 2001): immunity covers knowing use of false testimony, suppression of exculpatory evidence, and malicious prosecution. *Torres v. Goddard*, 793 F.3d 1046 (9th Cir. 2015): immunity turns on nature of function, not identity of actor.

10

request in Arizona, and that doing so is not an act of intimidation, especially when information is sought for a political candidate, this was the earliest act alleged.

As to the end of these supposedly intimidating and harassing actions, Paragraph 100 of the Complaint spells that out:

> Under the duress of this string of intimidating and harassing actions—the tailing and photographing, the physical assault in front of the church, the verbal threat, the rock-throwing, and the mysterious packages—Fernie dropped out of the race for Superintendent of Schools on March 28, 2024.

Clearly the Plaintiff does not and cannot allege that the isolated events outlined in his timeline, which even if true seem to amount to nothing more than two-state level torts for a physical assault and throwing rocks at his house. Certainly these actions do not support a federal civil rights claim against a public official alleged in that official's official capacity that is the functional equivalent of a suit against the public entity itself. *Kentucky v. Graham*, 473 U.S. 159 (1985) (holding that claims against an individual in his official capacity are the functional equivalent of a suit against the entity of which he is an agent).

To proceed with an official capacity suit a "plaintiff[] must establish that the local government had a deliberate policy, custom or practice that was the moving force behind the constitutional violation [they] suffered." *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012). And the Ninth Circuit has explained what this means:

> Our circuit precedent, articulated first in *Shah v. County of Los Angeles,* 797 F.2d 743, 747 (9th Cir.1986), and most recently in *Whitaker,* 486 F.3d at 581, requires plaintiffs in civil rights actions against local governments to set forth no more than a bare allegation that

11

government officials' conduct conformed to some unidentified government policy or custom.

*Id.*

Plaintiff cannot retrofit a couple of alleged state torts (neither of which involve Mr. Whiting, and neither of which he can credibly allege did involve him) into an official policy, custom or practice of the governmental <u>entity</u>, and thus this is no answer to the Eleventh Amendment immunity defense or any of the other immunity defenses.

It is also noteworthy that Plaintiff attaches one Exhibit to his Complaint--an unproven Indictment from a case that is almost two years old and still not past the probable cause stage (a Motion for Remand is still pending before the criminal court). That's it.   No affidavit from the Plaintiff and the Complaint is not sworn or verified. Other than speculation he claims no real facts to tie Mr. Whiting to any of his alleged claims (rock throwing, surveilling, threating, etc.)  This another grounds for complete dismissal, although it would probably be without prejudice.  The bottom line is that as of now, Plaintiff has not developed the facts he needs to even allege a connection to Mr. Whiting.

## IV.    CONCLUSION

Based on the above, Defendant requests that all counts be dismissed because they rely on a constitutional "right" to run for office that does not exist.  Alternatively, Counts II and III should be dismissed because they cannot be maintained against Mr.

12

Whiting because they alleged that he acted in his official capacity as Apache County Attorney.

RESPECTFULLY SUBMITTED this 23rd day of June 2026.

**TIMOTHY A. LA SOTA, PLC**

By:    /s/ Timothy A. La Sota
        Timothy A. La Sota
        2198 E. Camelback Rd., Suite 305
        Phoenix, AZ  85016-4237
        Attorneys for Defendant, Michael Whiting

13

## LOCAL RULE 12.1 CERTIFICATION

The undersigned certifies that on June 22, 2026 he and counsel for Plaintiff met and conferred via telephone on the issues that Defendants would assert in this Motion, and the parties were unable to agree that the pleading was curable in any part by a permissible amendment offered by the pleading party.

By: /s/ Timothy A. La Sota

## CERTIFICATE OF SERVICE

I hereby certify that on June 23rd, 2026, the above-titled motion and any corresponding documents were served on the following parties via U.S. Mail or U.P.S.; or I electronically transmitted the document(s) to registrants using the Clerk's Office CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following parties:

Paul V. Avelar
INSTITUTE FOR JUSTICE
3200 N. Central Ave., Ste. 2160
Phoenix, AZ 85012-1114
Tel: (480) 557-8300
Email: pavelar@ij.org

Michael Greenberg, *Pro Hac Vice*
Benjamin A. Field, *Pro Hac Vice*
McCarley Maddock, *Pro Hac Vice*
INSTITUTE FOR JUSTICE
901 N. Glebe Road, Ste. 900
Arlington, VA 22203-1854
Tel: (703) 682-9320
Email: mgreenberg@ij.org;
bfield@ij.org; mmaddock@ij.org
*Attorneys for Plaintiff*

Kathleen L. Wieneke, Bar #011139
Laura Van Buren, Bar #031669
Suzanne Reed, Bar # 025707

WIENEKE LAW GROUP, PLC
1225 West Washington Street, Suite 313
Tempe, Arizona 85288
Telephone: (602) 715-1868
Fax: (602) 455-1109
Email: kwieneke@wienekelawgroup.com
Email: lvanburen@wienekelawgroup.com
Email: kwieneke@wienekelawgroup.com
*Attorneys for Defendants Apache County and*
*Apache County Attorney's Office*

Daryl Greer
2630 S. Highway 180
St. Johns, AZ 85936
*Pro Se*

Tret Jensen
1110 S 7th W Unit W
St. Johns, AZ 85936
*Pro Se*

/s/ Timothy A. La Sota